UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CHARLIE GREEN a/k/a CHARLES GREEN,

                Plaintiff.

      -against-

RAY GRONEMAN, THOMAS LASARDE,
JOHN DOE, UNKNOWN POLICE OFFICERS,
RICHARD ROE, MARTIN MOE, RIVERHEAD
TOWN POLICE DEPARTMENT, SOUTHAMPTON
TOWN POLICE DEPARTMENT, TOWN OF
RIVERHEAD, and TOWN OF SOUTHAMPTON,

                Defendants.
------------------------------------------------------------------------X

**MOTION IN LIMINE**

CV-07-1980

(Spatt, J)
(Boyle, MJ)

      Defendants, SOUTHAMPTON TOWN POLICE DEPARTMENT and TOWN OF SOUTHAMPTON, by their attorneys, DEVITT SPELLMAN BARRETT, LLP, submit the following motions in limine:

### PRELIMINARY STATEMENT

      Plaintiff, Charlie Green, brings this case against Riverhead Officers Groneman, Lasarde, unknown police officers Doe, Roe and Moe, the Riverhead Town Police Department, Southampton Town Police Department, Town of Riverhead and the Town of Southampton claiming that his civil rights were violated as the result of a "show up" identification held by the Riverhead Police Department on May 15, 2004. This "show up" was done to determine whether Mr. Green was the perpetrator of a shooting that occurred earlier in the morning. Green claims that Groneman, Lasarde and the unknown police officers violated his rights under the Fourth, Fifth, Ninth and Fourteenth Amendments by conducting a warrantless search of his person, by detaining him and/or arresting him without probable cause, and by performing a warrantless search of his business premises. Plaintiff owns a barber shop which also sells merchandise retail.

      Southampton Town Defendants bring this motion to request that this Court 1) remove

John Doe, Unknown Police Officers Richard Roe and Martin Moe from the caption and vacate any claims against said unknown officers; and 2) remove the Southampton Town Police Department from the caption.  Defendants reserve the right to submit further and additional motions in limine once the plaintiff provides defendants with his witness and exhibit list.

**CLAIMS AGAINST UNKNOWN OFFICERS
JOHN DOE, RICHARD ROE AND MARTIN MOE
<u>MUST BE DISMISSED</u>**

The statute of limitations within the State of New York for a 42 U.S.C. § 1983 claim is three years.  <u>Harris v. City of New York</u>, 186 F.3d 243, 247-248 (2d Cir. 1999); <u>Okure v. Owens</u>, 816 F.2d 45, 49 (2d Cir. 1987), <u>aff'd</u>, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989).  This action was commenced by filing on May 14, 2007, one day prior to the expiration of the three year statute of limitations.  The pleadings were served upon the Town of Southampton on June 1, 2007, after the statute of limitations expired.  At no point in time during the discovery period, did the plaintiff identify any other officers, other than the named officers Groneman and LaSarde.

Because the statute of limitations for Green's 42 U.S.C. §1983 claims has expired, he cannot now amend his complaint to add the unidentified officers as defendants more than four and a half years after his claim accrued. It is well settled that 'John Doe' pleadings cannot be used to circumvent the statute of limitations.  <u>Aslanidis v. United States Lines, Inc.</u>, 7 F.3d 1067, 1075 (2d Cir. 1993); <u>Tapia-Ortiz v. John Doe</u>, 171 F.3d 150, 152 (2d Cir. 1999)(New defendants cannot relate back if the newly added defendants were not named originally because the plaintiff did not know their identities).

This Court in <u>Hampton Bays Connections, Inc. v. Duffy</u>, 212 F.R.D. 119 (2003) denied the plaintiff's motion to amend the caption where the failure to identify the named defendants

was not due to a mistake, but simply due to lack of knowledge of the identities. Hampton Bays Connections, supra, at 125. Addition of new names to correct a lack of knowledge as to the identities of the parties does not serve to correct a mistake as provided in Fed. R. Civ. P. 15(c). Id., at 125, citing, Barrow v. Wethersfield Police Department, 66 F.3d 466, at 470 (2d Cir. 1995).

Accordingly, the claims against Officers Doe, Roe and Moe must be dismissed as they are barred by the statute of limitations. Any subsequent request by the plaintiff to amend the complaint to add individual police officers must be denied as untimely. Officers Doe, Roe and Moe should be removed from the caption.

## CLAIMS AGAINST THE TOWN POLICE DEPARTMENTS MUST BE DISMISSED

The Southampton Town Police Department is an administrative arm of the Town of Southampton and does not have a legal identity separate and apart from the municipality which would make it susceptible to suit. Fanelli v. Town of Harrison, 46 F.Supp.2d 254, 257 (S.D.N.Y. 1999); Aguilera v. County of Nassau, 425 F.Supp.2d 320, 323 (E.D.N.Y. 2006)(This Court dismissed claims against the Nassau County Police Department because it was without the capacity to sue or be sued.)

Accordingly, the claims against the Southampton Town Police Department must be dismissed.

    Respectfully submitted,

    DEVITT SPELLMAN BARRETT, LLP
    Attorneys for Defendants
    SOUTHAMPTON TOWN POLICE
    DEPARTMENT and TOWN OF SOUTHAMPTON
    50 Route 111
    Smithtown, New York 11787
    (631) 724-8833

By: _____/S/_____
        Jeltje DeJong (JD/4452)

TO:    JOSEPH A. SOLOW (VIA ECF)
Attorney for Plaintiff
330 Vanderbilt Motor Parkway
Suite 400
Hauppauge, New York 11788
(631) 231-1450

BRIAN A. ANDREWS (VIA ECF)
SLEDJESKI & TIERNEY, P.L.L.C.
Attorneys for Defendants
TOWN OF RIVERHEAD,
TOWN OF RIVERHEAD POLICE
DEPARTMENT, RAY GRONEMAN,
THOMAS LESSARD
18 First Street, P.O. Box 479
Riverhead, NY 11901
(631) 727-1515